Filed 8/5/25  P. v. Alaniz CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO MACIEL ALANIZ JR.,<br><br>Defendant and Appellant. | H052397<br>(Santa Clara County<br>Super. Ct. No. C2215718) |

Defendant Armando Maciel Alaniz, Jr. appeals from an order granting probation in a criminal action.  Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant has not done so.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue on appeal. Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id.* at p. 110.)

## I.   *WENDE/KELLY* REVIEW

In 2022, defendant was charged by felony complaint with presenting a false or fraudulent insurance claim (Pen. Code, § 550, subd. (a)(1); count 1) and arson of property with intent to defraud (Pen. Code, § 451, subd. (d); count 2).  Defendant was apparently alleged to have set fire to a car he owned, and then filed a fraudulent insurance claim for

the resulting damages.  In 2024, the complaint was amended to add a felony charge of destruction of insured property (Pen. Code, § 548; count 3).  In a negotiated disposition, defendant pleaded no contest to counts 1 and 3, and count 2 was dismissed consistent with the plea agreement.

The trial court suspended imposition of sentence and granted formal probation for a period of two years.  The court imposed various probation conditions, some relating to substance abuse.  According to the record, those conditions were recommended based on "pending drug charges out of Colorado" for possession of a controlled substance.  Defense counsel objected on the grounds that defendant planned to contest the Colorado charges and there was no nexus between alleged substance abuse and the charges in this case.  The court acknowledged counsel's objection and stated that it was "inclined to impose the conditions" based on the probation officer's recommendation.

The probation conditions also included 120 days in jail, deemed served with presentence credit of 125 days (representing 63 actual days and 62 days of conduct credit).  (Pen. Code, § 4019.)  Defendant confirmed that he understood and accepted the terms and conditions of probation.  The court imposed and stayed a $300 restitution fine; imposed and suspended a $300 probation revocation fine; and waived "the court security fee of $80, and a criminal conviction assessment of $60."  We have reviewed the entire record and find no arguable issue.

## II.   DISPOSITION

The order of probation is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H052397
*The People v. Alaniz Jr.*